# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RUBEN SERRANO,

        Plaintiff(s),

v.

FLAGSTAR BANK, FSB,

        Defendant(s).

2:13-CV-558 JCM (CWH)

# ORDER

Presently before the court is defendant Flagstar Bank's motion to dismiss. (Doc. #2). *Pro Se* plaintiff Ruben Serrano responded. (Doc. #7). Defendant replied. (Doc. #10).

## I. Background Facts

The facts are not readily ascertainable from *pro se* plaintiff's complaint.[1] However, the court properly relies on judicially noticed documents to ascertain the facts of this matter.[2]

---

[1] Defendant requests that the court take judicial notice of exhibits attached to their motion to dismiss. (Doc. #2). Pursuant to Fed. R. Evid. 201, a court may judicially notice matters of public record. *Mack. V. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *see also Disabled Rights Action Comm. V. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004). Therefore, the court judicially notices the attached documents as they are matters of public record. (*See* doc. #3, Exs. A-G).

[2] Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond. Fed. R. Civ. P. 12(b); *see United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Ritchie*, 342 F.3d at 908.

**James C. Mahan**
**U.S. District Judge**

1  On October 1, 2004, plaintiff borrowed $182,400 from Mortgage Loan Specialists, Inc. in
2  order to acquire property located at 6626 Clover Wood Lane, Las Vegas, Nevada 89156 (the
3  "property"). (Doc. # 2). Plaintiff executed a deed of trust as security for the loan ("the deed of
4  trust"). (Doc. # 3, Ex. A). The beneficiary under the deed of trust was Mortgage Electronic
5  Registration Systems ("MERS") as agent for defendant, and the trustee was Joan Anderson. (*Id.*).

6  Plaintiff became delinquent on his mortgage payments beginning in November 2010. MERS
7  assigned its limited interest in the deed of trust back to defendant on September 7, 2011. (*Id.*, Ex.
8  B). Also on September 7, 2011, MERS recorded a notice of default and of election to sell under
9  deed of trust. (*Id.*, Ex. C). Defendant subsequently recorded substitution of trustee from Joan
10  Anderson to Northwest Trustee Services, Inc. (*Id.*, Ex. D).

11  Plaintiff requested mediation through the Nevada foreclosure mediation program. Mediation
12  was held on February 2, 2012; however, the parties were unable to agree to a resolution of the matter.
13  On July 16, 2013, a certificate from the Nevada foreclosure mediation program was recorded. (*Id.*,
14  Ex. E).

15  Also on July 16, 2012, based on plaintiff's default under the deed of trust, Northwest Trustee
16  Services recorded a notice of trustee's sale. (*Id.*, Ex. F). A trustee's sale took place on August 6,
17  2012, and a trustee's deed upon sale was recorded on August 13, 2012. (*Id.*, Ex. G).

18  On January 23, 2013, plaintiff filed a complaint against defendant. Liberally construing
19  plaintiff's complaint, it appears he is pleading causes of action for (1) intentional misrepresentation,
20  (2) negligent misrepresentation, and (3) quiet title.

21  **II.    Legal Standards**
22  **A. Rule 8**
23  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can
24  be granted." Fed. R. Civ. P. 12(b)(6). A properly pled compliant must provide "[a] short and plain
25  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
26  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual
27  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
28

James C. Mahan
U.S. District Judge

- 2 -

1  of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). (citation omitted).

2  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* At 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr. v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**B. Rule 9**

Rule 9 provides that for a party to allege fraud, he "must state with particularity the circumstances constituting fraud . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Assertions of fraud must include "the who, what, when, where, and how" of the misconduct alleged.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Rule 9 serves several purposes, including (1) providing defendants with adequate notice so that they are able to defend the charge and deter plaintiffs from filing complaints

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  "'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would
2  be harmed as a result of being subject to fraud charges; and (3) to 'prohibit [ ] plaintiff from
3  unilaterally imposing upon the court, the parties and society enormous social and economic costs
4  absent some factual basis.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 1996)
5  (citation omitted)).

6  **III.   Discussion**

7       As an initial matter, the court is mindful "to liberally construe the 'inartful pleading' of pro
8  se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court will view plaintiff's
9  pleadings with the appropriate degree of leniency.[3]

10      **A.     Intentional & negligent misrepresentation**

11      To state a claim for intentional misrepresentation, plaintiff must prove "(1) the defendant
12 made a false representation; (2) with the knowledge or belief that the representation was false (or
13 knowledge that it had insufficient basis for making the representation); (3) and was made with the
14 intention of inducing the party to act or refrain from acting upon the misrepresentation; (4) plaintiff
15 justifiably relied upon the misrepresentation; and (5) plaintiff suffered damage as a result of the
16 reliance." *Scaffidi v. United Nissan*, 425 F. Supp. 2d 1159, 1168-69 (D. Nev. 2005). The torts of
17 intentional misrepresentation and negligent misrepresentation are related, the difference being "that
18 a negligent misrepresentation is made without a reasonable basis for believing its truthfulness." *Id.*
19 at 1170.

20      Here, plaintiff's misrepresentation claims are not pleaded with the requisite particularity
21 under Rule 9(b)'s heightened standard. Although the court must construe the pleadings liberally,
22 "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v.*
23 *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)

---

[3] However, the court notes that plaintiff's complaint is virtually identical to other foreclosure related complaints that are before this court. *See, e.g.*, *Salinas v. Federal National Mortgage Association et al.*, 2:13-CV-00407-JCM-GWF, doc. # 1, ex. A; *Santivanes v. Bank of New York Mellon*, 2:13-CV-299-JCM-GWF, doc. #1, ex. B. In fact, plaintiff's response is virtually identical to plaintiff Salinas' response in case 2:13-CV-00407-JCM-GWF, doc. # 10 and plaintiff Santivanes' response in case 2:13-CV-299-JCM-GWF, doc. #7. Pleadings in the Ninth Circuit must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

James C. Mahan
U.S. District Judge

- 4 -

1 ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of
2 procedure."); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants
3 in the ordinary civil case should not be treated more favorably than parties with attorneys of
4 record."). Specifically, plaintiff fails to provide the time, place, and substance of the alleged
5 misrepresentation. *Vess*, 317 F.3d at 1106. Further, plaintiff does not sufficiently allege justifiable
6 reliance as there are no factual assertions concerning her reliance on the alleged misrepresentations.

7 Because plaintiff's complaint fails to meet the requisite pleading standard, plaintiff's claims
8 for intentional misrepresentation and negligent misrepresentation are dismissed.

9   **B.  Quiet title**

10 Plaintiff appears to assert a claim to quiet title. "A trustor cannot quiet title without
11 discharged his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39
12 Cal. App. 3d 475, 478 (Cal. 1974). "The purpose of a quiet title action is to establish one's title
13 against adverse claims to real property or any interest therein." *Hafiz v. Greenpoint Mortg. Funding,*
14 *Inc.*, 652 F. Supp. 2d 1039, 1049-50 (N.D. Cal. 2009). In a quiet title action, the burden of proof
15 rests with the plaintiff to provide good title in himself. *Breliant v. Preferred Equities Corp.*, 918
16 P.2d 314, 318 (Nev. 1996).

17 Plaintiff has not alleged precisely what adverse interest he is seeking to quiet or that he has
18 repaid his loan. This cause of action fails.

19   **C.  Relief sought**

20 Plaintiff seeks injunctive relief and reconveyance of the property. Injunctive relief is a
21 remedy and not a cause of action. *See Freeto v. Litton Loan Serv., LP*, no. 3:09-cv-754, 2011 WL
22 112183, at *3 (D. Nev. Jan. 12, 2011) (dismissing claims for declaratory relief and permanent
23 injunction because those remedies many only "be afforded to a party after he has sufficiently
24 established and proven his claims"). Additionally, plaintiff cannot show irreparable harm or a high
25 enough of a likelihood of success on the merits of any of the causes of action. Plaintiff's claim for
26 injunctive relief is dismissed.

27
28

**James C. Mahan**
**U.S. District Judge**

### IV. Conclusion

Therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Flagstar Bank's motion to dismiss (doc. # 2) be, and the same hereby is, GRANTED.

Plaintiff Ruben Serrano's complaint is dismissed without prejudice and the clerk of the court shall close this case.

DATED June 6, 2013.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**