# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RUBEN SERRANO,<br><br>        Plaintiff(s),<br><br>v.<br><br>FLAGSTAR BANK, FSB,<br><br>        Defendant(s). | 2:13-CV-558 JCM (CWH) |

### ORDER

Presently before the court are *pro se* plaintiff Ruben Serrano's motion to reconsider (doc. # 18) and motion for evidentiary hearing (doc. # 19). Defendant Flagstar Bank responded. (Doc. # 20). Plaintiff did not reply.

Plaintiff brought this *pro se* foreclosure action against defendant Flagstar Bank in state court and defendant timely removed. (Doc. # 1). Defendant then filed a motion to dismiss. (Doc. # 2). After the motion to dismiss was ripe for decision and considering the contents of plaintiff's complaint against the appropriate pleading standard, the court dismissed plaintiff's complaint without prejudice for failure to state a claim. (Doc. # 16).

Plaintiff now asks the court to reconsider its order because plaintiff "did not have a chance to adequately defend himself or his claim properly." (Doc. # 18). Plaintiff also requests the court to set this matter for a trial or a hearing.

. . .

**James C. Mahan**
**U.S. District Judge**

    Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993); *Kona*, 229 F.3d at 889–90 (listing same three factors).

    Plaintiff has not satisfied any of the requirements to warrant reconsideration of this court's order. In fact, plaintiff seems to state that he should be able to proceed to the discovery phase of litigation because he has evidence that would "shed more light on [his] actual claim." (Doc. # 18). But the court dismissed plaintiff's complaint because it was not adequately pleaded, not because of any deficiency on the merits. Therefore, new information would not change the deficiencies in plaintiff's pleading.

    Further, "[m]otions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time." *Teller v. Dogge*, 2:12-CV-591 JCM GWF, 2013 WL 508326, at *6 n.6 (D. Nev. Feb. 8, 2013). That is essentially what plaintiff is asking the court to do here. The court declines this invitation.

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Ruben Serrano's motion to reconsider (doc. # 18) and motion for evidentiary hearing (doc. # 19) be, and the same hereby are, DENIED.[1]

    DATED July 18, 2013.

                                         */s/ James C. Mahan*
                                         UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's complaint was dismissed without prejudice. That is, the court's dismissal does not extinguish plaintiff's claims–but simply dismisses plaintiff's complaint for inadequate pleading under the standards set forth in the Federal Rules of Civil Procedures. *See* Fed. R. Civ. 8-9.

James C. Mahan
U.S. District Judge